# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

JEFFREY ALLEN STOLTZ,

        Plaintiff,

    v.

STATE OF MINNESOTA, and
ITS ATTORNEY GENERAL,

        Defendants.

Civil No. 13-869 (ADM/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 3.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed without prejudice.

Plaintiff commenced this action by filing a civil complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) The complaint was not accompanied by the $350.00 filing fee required by 28 U.S.C. § 1914, but Plaintiff instead applied for leave to proceed IFP. However, Plaintiff is a prison inmate, and he is therefore required to pay an initial partial filing fee before he can be allowed to proceed IFP. 28 U.S.C. § 1915(b)(1).

This Court previously determined that Plaintiff's IFP application could not be granted because (i) the application did not include the certified prison trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff failed to pay the

initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1).   Both of Plaintiff's omissions were called to his attention by this Court's prior order dated April 16, 2013.   (Docket No. 4.)   That order gave Plaintiff 20 days to cure the defects found in his original IFP application, by submitting both (a) an amended IFP application with the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1).   The order clearly informed Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.

The deadline for satisfying the requirements of the Court's prior order has now expired.   To date, however, Plaintiff has not submitted either an amended IFP application or any initial partial filing fee; nor has Plaintiff offered any excuse for his failure to comply with the Court's prior order.   Indeed, Plaintiff has not communicated with the Court at all since he filed his complaint.   Therefore, based on the Court's express warning regarding the consequences that would follow if Plaintiff failed to comply with the prior order, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice.   Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders).   See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267

Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, (for the reasons explained above), the Court will further recommend that Plaintiff's pending IFP application, and his related motion regarding service of process, (Docket No. 2), be summarily denied.

RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2. Plaintiff's motion for an order directing the Marshal to serve the named Defendants, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 15, 2013

_s/ Jeffrey J. Keyes_
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by

filing with the Clerk of Court, and serving all parties by **May 31, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.